11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dimitrus Denise Ponds

Appellant

Vs.                   No.
11-01-00140-CR  -- Appeal from Taylor
County

State of Texas

Appellee

 

After the
trial court overruled her motion to suppress evidence, Dimitrus Denise Ponds
entered a plea of Ano
contest@ to a first degree felony offense, possession
of cocaine with intent to deliver.  The
plea was part of a plea bargain agreement which was accepted by the trial
court, and appellant was sentenced to confinement for ten years.  We affirm.

                                                                  Issues
Presented

Appellant
presents two points of error which read in full as shown:

[1] The
trial court erred in receiving evidence, over appellant=s timely objection, resulting from a
warrantless arrest, when there was no probable cause shown for such arrest.

 

[2] The
trial court erred in overruling appellant=s motion to suppress evidence recovered when appellant was arrested
without lawful warrant, probable cause or other lawful authority. 

 

These points of error are
overruled because there was probable cause for the warrantless arrest.  

                                             Evidence
at Hearing on Motion to Suppress

Two police
officers were the only witnesses at the hearing on appellant=s motion to suppress evidence of cocaine and
marihuana found during the investigation of a reported theft.[1]  








The first
witness was Officer Michael R. Janusz of the Abilene Police Department.  At the time of trial, he had been employed
by that department for 18 years, and he testified that he was a certified peace
officer.  Officer Janusz testified that
he was on duty at 1:00 p.m. on October 26, 2000, when he responded to a call on
the police radio of a Atheft
in progress@ at the Toys >R Us and Target stores.  The
call indicated that there were two females and one male Apassing checks stolen out of Dallas@ and described their vehicle as a red Ford
F-150 pickup.  The dispatcher called for
Officer Jim Becker, but Officer Janusz was closer and was the first one to
arrive at the scene.  Officer Janusz
said that there was only one vehicle in the parking lot which matched the
description on the dispatcher=s call, and he went to that vehicle and parked behind it.  There appeared to be two females and one
male in the pickup.  The male was in the
driver=s seat, and appellant was in the front
passenger=s seat. 
It was later discovered that the other passenger was a male who was
dressed as a woman.  There were packages
in the bed of the pickup, and some of them were from the Toys >R Us store. 


Officer
Janusz told the driver that he had received a call about a theft and then asked
him to identify himself.  The driver Aacted very nervous@ and said that his name was ALow Brown.@  The computer had  no driver=s license for that name. 
Officer Becker arrived about that time. 
As soon as Officer Becker arrived, Officer Janusz got the driver out of
the car and placed him under arrest for Afailure to identify.@  The driver was handcuffed and
placed in the back of the first police car. 
Then the two officers proceeded with their investigation of the theft
which had been reported.  Officer Becker
put the two passengers in the back of the second police car.  By that time, employees from the two stores
had come to the scene of the investigation. 
Serena Alsides, an employee of Toys >R Us, was the person who had reported the theft to the police, and she
told the two officers that there were four people involved.  She identified the three people who had been
detained, and the officers began to look for the fourth suspect.  Alsides told Officer Janusz that it was her
job to approve checks, that she discovered that the check had been Astolen out of Dallas,@ and that that is why she called the police
to report the theft.  While they were in
the parking lot, someone pointed across the parking lot toward a motel and
said, AThere=s the other one.@  The officers at the scene
called Officer McFadden on the police radio and had him pick up the fourth
suspect and bring her to them.  The
fourth suspect was the one who actually passed the stolen check.  








Officer
Janusz also testified that, during the search of the vehicle, they found some
contraband and Aa large amount of drugs.@ 
Officer Becker and Officer McFadden Ainventoried the stuff in the vehicle@ and booked everything into the evidence vault.

The other
witness at the hearing on the motion to suppress was Officer Becker of the
Abilene Police Department.  He testified
at the hearing on March 8, 2001, that he had been with the department 28 years
and that he was a certified peace officer. 
He also testified that on August 26, 2000, he received a call for Aforgery in progress@ at the Target store at 3710 Ridgemont and
that the information on the call sheet indicated:

[T]here had been some subjects at Toys >R Us and there was a black male and two black
females and they also gave a vehicle description of a red Ford pickup, extended
cab, and a license number.

 

Officer
Becker said that he arrived at the scene about three to five minutes after the
call and that Officer Janusz had already arrived and parked behind a red Ford
pickup with the license number they had been given.  Officer Janusz talked to the driver, and Officer Becker talked to
the two passengers.  The female in the
front seat identified herself as Dimitrus Denise Ponds.  The other passenger was dressed as a female,
but he identified himself as Jason Keith Fisher.  Later, he said that his name was Eric Tyron Hall.  Officer Becker advised the two passengers
that the officers had received a police call for a Aforgery in progress.@ 
Officer Becker also told them that Athey matched the physical description of the suspects@ and that their vehicle Amatched the description of the vehicle.@ Officer Becker said that there were several
items in the bed of the pickup from Toys >R Us and some other bags of merchandise.  During his investigation, Officer Becker looked inside a nylon
bag which was on the floor of the pickup. 
It contained several checkbooks which did not belong to any of the
people who were in the pickup.  When he
found those checkbooks, Officer Becker put appellant and Hall in the back of
his squad car.  They were not handcuffed,
but they could not get out of the car unless someone on the outside opened the
door.  Officer Becker went back to the
pickup and found a large handbag containing a substance that looked like crack
cocaine.  There was also a bank bag
inside the handbag, and it contained a large amount of cash.  When he arrived, Officer McFadden  opened the door and smelled marihuana.  A large amount of marihuana was found under
the rear seat on the left side of the pickup. 
                                 








                                                               Standard
of Review

Appellate
courts must give great deference to the trial court=s Adetermination of the historical facts that the record supports.@  See,
e.g., Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997).  As the court said in Guzman v. State, supra
at 90-91:

Article
14.01, [TEX. CODE CRIM. PRO. ANN. (Vernon 1977)], provides that a peace officer
may arrest an offender without a warrant for any offense committed in his
presence.  The test for probable cause
for a warrantless arrest is:

 

Whether at that moment the facts and
circumstances within the officer=s knowledge and of which [he] had reasonably trustworthy information
were sufficient to warrant a prudent man in believing the arrested person had
committed or was committing an offense. 

 

Each
search and seizure question must turn on the facts of that particular
case.   

See also Stull v. State,
772 S.W.2d 449, 451 (Tex.Cr.App.1989).

                                                    This
Court=s Ruling

The
evidence supports the trial court=s implied finding that the police officers had satisfactory proof  Aupon the representation of a credible person@ that a felony theft had been committed and
that the offenders were about to escape; therefore, the officers had probable
cause to arrest appellant and the other suspects for theft by forgery.  TEX. CODE CRIM. PRO. ANN. art. 14.04 (Vernon
1977); see also TEX. CODE CRIM. PRO. ANN. art. 14.03(a)(1) (Vernon Supp.
2001).   During the investigation of
that offense, the cocaine and marihuana were discovered.  The police officers had probable cause to
believe that all four suspects were working together and were in joint
possession of the contraband; consequently, that offense was committed in the
presence of the officers.   At that
point, the officers had the right to make a warrantless arrest of the four
suspects for possession of cocaine and marihuana pursuant to Article
14.01.  








Appellant
argues in her brief that the motion should have been sustained, citing U.S.
CONST. amends. IV, V, VI, and XIV; TEX. CONST. art. I, ' 9; and TEX. CODE CRIM. PRO. ANN. art. 38.23
(Vernon Pamph. Supp. 2001).  We hold
that the trial court did not err in overruling the motion to suppress and that
appellant failed to show a violation of any of her constitutional or statutory
rights.  Both points of error are
overruled.

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

December 6, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and Dickenson, S.J.[2]











[1]See TEX. PENAL CODE ANN. '
31.02  (Vernon 1994).





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.